UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| Securities and Exchange Commission, | ) ) | |
| Applicant, | ) ) | |
| vs. | ) ) | Misc. No. 06-0074 (ESH) |
| Dean J. Sheptycki, | ) ) | |
| Respondent. | ) ) ) | |

**RESPONDENT'S OPPOSITION TO THE SECURITIES AND
EXCHANGE COMMISSION'S APPLICATION FOR ORDER
TO SHOW CAUSE AND ORDER REQUIRING OBEDIENCE
TO SUBPOENA / RESPONDENT'S MOTION TO QUASH SUBPOENA**

Respondent, Dean J. Sheptycki (the "Respondent"), by and through the undersigned counsel, appearing specially to contest jurisdiction, hereby (1) files this Opposition to the Securities and Exchange Commission's (the "SEC") Application for an Order to Show Cause and Order Requiring Obedience to Subpoena and, in the alternative, (2) Moves this Honorable Court Quash the Subpoena.

As set forth in Respondent's Memorandum of Points and Authorities in support of his Opposition to the Securities and Exchange Commission's Application for an Order to Show Cause and Order Requiring Obedience to Subpoena and in support of his Motion to Quash Subpoena, the SEC's subpoena was not served on the Respondent. Moreover, the SEC does not have the authority to compel a foreign resident to testify in the United States. Accordingly, Respondent cannot be compelled to produce documents or to testify pursuant to the subpoena.

For all of the foregoing reasons, Respondent respectfully moves this Court deny the

SEC's Applications and quash the subpoena.

Dated: Washington, D.C.
17 March 2006

    Respectfully submitted,

    /s/ Stephen W. Grafman
    Stephen W. Grafman (DC Bar No. 32912)
    sgrafman@sharp-assoc.com
    William F. Boyer (DC Bar No. 479421)
    wboyer@sharp-assoc.com
    SHARP & ASSOCIATES
    1215 19th Street, N.W.
    Washington, D.C. 20036
    Tele.: 202-467-4114
    Fax: 202-467-1625

    Jeffrey A. Tew
    Motion for Admission *Pro Hac Vice* to be filed
    TEW CARDENAS, L.L.P.
    Four Seasons Tower, 15th Floor
    1441 Brickell Avenue
    Miami, Florida 33131
    Tele.: (305) 536-1112
    Fax: (305) 536-1116

    *Attorneys for Respondent Dean J. Sheptycki*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Securities and Exchange Commission,<br><br>    Applicant,<br><br>        vs.<br><br>Dean J. Sheptycki,<br><br>    Respondent. | Misc. No. 06-0074 (ESH) |

**RESPONDENT DEAN J. SHEPTYCKI'S MEMORANDUM OF POINTS
AND AUTHORITIES IN OPPOSITION TO THE SECURITIES AND
EXCHANGE COMMISSION'S APPLICATION FOR ORDER TO SHOW
CAUSE AND ORDER REQUIRING OBEDIENCE TO SUBPOENA
AND IN SUPPORT OF RESPONDENT'S MOTION TO QUASH SUBPOENA**

Respondent, Dean J. Sheptycki (the "Respondent"), by and through the undersigned counsel, appearing specially to contest jurisdiction, hereby files this Memorandum of Points and Authorities in support of his Opposition to the Securities and Exchange Commission's (the "SEC") Application for an Order to Show Cause and Order Requiring Obedience to Subpoena (the "Application") and in support of his Motion to Quash Subpoena, and states:

**Statement of Relevant Facts**

1.    Respondent is and always has been a citizen of Canada. See Declaration of Dean J. Sheptycki ("Sheptycki Dec.") ¶ 1 attached hereto as Exhibit A.

2.    Respondent had a TN Visa from approximately July 1999 to July 23, 2005, which is a type of visa that permits a Canadian (or Mexican) citizen to be temporarily admitted into the United

3

States.  See Sheptycki Dec. ¶ 2.

3. From approximately January 1, 2003, until October 1, 2005, Respondent resided at 411 Bontana Avenue, Fort Lauderdale, Florida.  See Sheptycki Dec. ¶ 3.

4. Respondent surrendered his TN Visa in Toronto on July 23, 2005, because he intended to move to the Bahamas.  See Sheptycki Dec. ¶ 4.  Respondent's Florida driver's license also expired on that same day.  Id.

5. On August 24, 2005, Respondent executed a lease with an option to purchase a property in the Bahamas.  See Sheptycki Dec. ¶ 5.

6. On October 1, 2005, Respondent took possession of and moved into said property in the Bahamas.  See Sheptycki Dec. ¶ 6.  Respondent's residence in the Bahamas is his "dwelling house" and "usual place of abode."  Id.

7. In conjunction with its investigation of In the Matter of ArTec Inc. and Certain Entities Organized by a Shell Creation Group (the "Amended Formal Order"), the SEC attempted to serve an administrative subpoena upon the Respondent dated November 15, 2005, which purported to require Respondent to produce documents by and to testify on November 28, 2005 (the "subpoena").  See Memorandum of Points and Authorities of the Securities and Exchange Commission in Support of Application For Order to Show Cause and Order Requiring Obedience to Subpoena ("SEC Memorandum") at pp. 6-7 and 10.

8. The subpoena was sent via Federal Express and facsimile on November 15, 2005, to the property in Ft. Lauderdale, Florida, that was being leased by the Respondent.  See Subpoena dated November 15, 2005 with cover letter attached to SEC Memorandum as Exhibit 5.

9. However, as noted above, the Respondent was no longer residing in the Ft. Lauderdale

property when the SEC attempted service. Rather, he was residing in the Bahamas. See Sheptycki Dec. ¶¶ 5-8.

10. Respondent's counsel advised the SEC that there was no jurisdiction over Respondent and that the SEC was without power to compel production from him or his appearance at deposition. See Letter from Jeffrey Tew, Esquire to Kevin Muhlendorf dated January 19, 2006, attached to SEC Memorandum as Exhibit 6.

11. In response, the SEC and the United States Attorney's Office offered Respondent's counsel a "queen for a day" letter if Respondent would permit an informal interview by them. See Declaration of Jeffrey Tew, Esq. ("Tew Dec.") ¶ 4 attached hereto as Exhibit B.

12. Respondent refused the SEC and the United States Attorney's Office's offer. See Tew Dec. ¶ 5.

**Argument**

The SEC's subpoena was not served on the Respondent. Moreover, the SEC does not have the authority to compel a foreign resident to testify in the United States. Accordingly, Respondent cannot be compelled to produce documents or to testify pursuant to the subpoena.

**I.  The SEC did not effect proper service on the Respondent.**

The SEC, on whose behalf service was allegedly made, "has the burden of establishing its validity when challenged; to do so, [it] must demonstrate that the procedure employed satisfied the requirements of the relevant portions of [the rule] and any other applicable provision of law." Light v. Wolf, 816 F.2d 746, 751 (D.C. Cir. 1987) (quoting C. Wright & A. Miller § 1083, at 334) (additional citations omitted); see also Whitehead v. CBS/VIACOM, Inc., 221 F.R.D. 1, 2-4 (D.D.C. 2004) (same). The SEC cannot meet its burden here, as it failed to effect proper service

on the Respondent. As such, this Court lacks jurisdiction over the Respondent and the SEC's applications must be denied. See, e.g., Winder v. Erste, 2005 WL 736639, *3 (D.D.C. 2005) ("Valid service of process is necessary in order to assert personal jurisdiction over a defendant." (citing Mid-Continent Wood Products, Inc. v. Harris, 936 F.2d 297, 301 (7th Cir. 1991)).

The SEC alleges that it effected service upon the Respondent on November 15, 2005, by (1) sending the subpoena by Federal Express to Respondent's address in Fort Lauderdale, Florida, and (2) faxing the subpoena to the number listed on Coyote's brokerage account opening documents. See SEC Memorandum at pp. 6-7 and 10. Neither of these acts constitutes actual service upon the Respondent.

"Sending the papers to [the Respondent] at his Florida address via commercial courier service[,]" SEC Memorandum at p. 10, on November 15, 2005, failed to effect service upon Respondent for the simple reason that the Respondent had moved to the Bahamas on October 1, 2005. See Sheptycki Dec. ¶ 6. As Respondent no longer resided at the address to which the SEC sent the subpoena, the Respondent was never served with the subpoena. See Sheptycki Dec. ¶¶ 7, 9. Having failed to serve the Respondent with the subpoena in the first instance, the SEC's application must be dismissed. See Winder, 2005 WL 736639, at *3 (dismissing complaint where plaintiff left summons and complaint at defendant's former residence).

The SEC's attempt to serve Respondent by facsimile was similarly ineffective. First, as set forth *supra*, Respondent was not residing at the address to which the SEC faxed the subpoena. Second, service by facsimile is only allowed when the "persons so serving each other have provided the Commission and the parties with notice of the facsimile machine telephone number to be used and the hours of facsimile machine operation." 17 C.F.R. § 201.150(c)(4). Service by

facsimile was wholly unavailable to the SEC inasmuch as the Respondent did not provide the Commission with notice of his fax number and its hours of operation. Therefore, the SEC having failed to serve the Respondent with the subpoena, Respondent respectfully submits that this Court must deny the SEC's applications and quash the subpoena.

**II.     The SEC is not authorized to compel a foreign resident to testify in the United States.**

The SEC argues that this Court has jurisdiction to enforce the subpoena in aid of its investigation. See SEC Memorandum at p. 9. The SEC also argues that this Court has personal jurisdiction over the Respondent. Id. Yet, the Court's contempt powers and a traditional personal jurisdiction analysis are issues separate and apart from whether Congress has given the SEC the authority, *in the first place*, to compel a foreign resident, vis-à-vis a subpoena, to testify and produce documents in the United States. In fact, it has not. Accordingly, the SEC's arguments regarding personal jurisdiction are entirely unavailing.

15 U.S.C. §78u(b), which authorizes the SEC to compel witnesses to testify "from any place in the United States", does **not** authorize the SEC to compel the Respondent, a foreign resident, to testify in the United States. The case of SEC v. Zaganeh, 470 F. Supp. 1307 (D.D.C. 1978), is instructive. Zaganeh involved a show cause proceeding to enforce an SEC subpoena duces tecum requiring a foreign resident to appear in Washington D.C. in connection with an investigation authorized by the Commission. Id. at 1307. The Respondent in that case was a citizen of Iran residing in Paris, France. Id. The subpoena in that case was served pursuant to 17 C.F.R. §203.8 and Rule 14(b)(3) of the Commission's Rules by leaving the subpoena at the offices of an Oklahoma corporation owned and organized by the respondent. Id. There was no

individual service and the respondent was not in the United States. Based upon these facts, the district court held that "*...the Commission has no power to subpoena an alien non-resident to appear before it from a foreign land.*" Id. (Emphasis added).

The relevant facts of this case are indistinguishable from those in Zaganeh. In this case, the Respondent is a citizen of Canada and a resident of the Bahamas. The SEC attempted to serve the subpoena in this case by faxing it and delivering it via Federal Express to a property leased by the Respondent located in Ft. Lauderdale, Florida. However, there was no personal service on the Respondent and the Respondent was also not in the United States. Accordingly, this Court, like the Court in Zaganeh is simply without power to compel Respondent, an alien non-resident to appear before it from his foreign place of residence–the Bahamas.

In sum, a federal court's subject matter jurisdiction extends only so far as Congress provides by statute. Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 US 694, 701-702 (1982). There is nothing in the language of Section 78u(b), particularly under the facts herein, that empowers the SEC to compel a foreign resident to testify in the United States. Indeed, a court in this very circuit has noted that "[t]he service of an investigative subpoena on a foreign national...[is] a sufficiently significant act as to require that Congress should speak to it clearly." FTC v. Compagnie de Saint-Gobain-Pont-A-Mousson, 636 F. 2d 1300, 1327 (D.C.Cir. 1980). As such, enforcing and upholding the legal validity of the subpoena in this case would be an unwarranted expansion of administrative subpoena power beyond the bounds created by Congress and interpreted by precedent.

The cases cited by the SEC in its Memorandum do not suggest otherwise. For example, the issue in SEC v. Knowles, 87 F. 3d 413 (10th Cir. 1996), cited at SEC's Memorandum at p. 9,

was a narrow one: whether the district court had personal jurisdiction over the respondent to enforce an administrative subpoena duces tecum. Id. at 416. In Knowles, unlike in this case, however, the respondent was served by hand and subsequently appeared for deposition in the United States. Id. at 414-415. More importantly, in Knowles the respondent did not contend that the SEC lacked the authority to issue the subpoenas at issue and he did not challenge the methods or places of service of process employed by the Commission in serving the subpoenas at issue. Id. at 416. These are, in fact, the very arguments the Respondent is making herein.

The case of SEC v. Lines Overseas Management, Ltd., 2005 WL 3579139 (D.D.C. 2006), is similarly unavailing. In Lines Overseas, the court stated that 15 USC §78u(b), "[o]n its face...permits nationwide service of subpoenas...", but then concludes that it, in fact, authorizes extraterritorial service of process. Id., 2005 WL 3579139, *3. But the Lines Overseas court's conclusion is problematic for two reasons: (i) it is based upon a flawed interpretation of an earlier case, Int'l Trade Comm'n v. ASAT, Inc., 355 F. Supp. 2d 67, 69 (D.D.C. 2004), and (ii) the D.C. Circuit has, in fact, demonstrated a reluctance to expand statutes which *do* contain language identical to the language in 78u(b). See CFTC v. Nahas, 738 F. 2d 487 (D.C. Cir. 1984) (discussed *infra*). First, in its analysis of the territorial reach of the SEC's subpoena powers under 15 USC §78u(b), the Lines Overseas court erroneously claimed that the ASAT court interpreted "identical terminology" in statutes pertaining to investigative subpoenas issued by the International Trade Commission to authorize extraterritorial service of process. See Lines Overseas, 2005 WL 3579139, *4. However, the language considered and interpreted by the ASAT court was completely different from the language found in 15 USC §78u(b).

Second, when it has considered language "identical" to the language in 78u(b), the D.C.

Circuit has been unwilling to interpret such language to authorize extraterritorial service. Specifically, in Nahas, the court vacated an order enforcing an investigative subpoena served on a citizen and resident of Brazil. Nahas, 738 F. 2d at 495-96. In that case, the Commodity and Futures Trading Commission ("CFTC") subpoena was served pursuant to 7 USC § 15, *which like 78u(b)*, authorizes the CFTC to compel witnesses and records from "any place in the United States or any State at any designated place of hearing." Id. at 492. However, the Nahas court held that it did not have jurisdiction to enforce an investigative subpoena served by the CFTC upon a foreign citizen in a foreign nation. Id. at 495-96. The Nahas court noted that although some courts have interpreted similar language as authorizing enforcement of administrative subpoenas requiring the production of records from outside of the United States, "those subpoenas were served on individuals within the United States." Id. at 492 (citations omitted). Based upon the statute's legislative history and analogous precedent, the court held that the rules of statutory construction compelled it to find the language "from any place in the United States" did not authorize the CFTC to compel a foreign resident to appear and produce documents in the United States. Id. at 491-96.

Based upon the foregoing, it has been established that the statutory language in 78u(b) does not permit an agency to serve an investigative subpoena outside of the United States. Moreover, 78u(b) is absolutely silent as to any intent to grant the SEC the power to hale a foreign resident into the United States to testify. Finally, under analogous case law[1], the SEC simply does

---

[1] The SEC also cites to SEC v. Unifund SAL, 910 F. 2d 1028 (2d Cir. 1990) and Busch v. Buchman, Buchman & O'Brien, 11 F. 3d 1255 (5th Cir. 1994), but neither specifically address the issue of the extraterritorial reach of the SEC's subpoena power under 78u(b), and they are, therefore, inapposite to the facts and issues herein.

10

not have the authority to compel a foreign witness to testify within the boundaries of the United States. Indeed, it is especially problematic if 78u(b) is interpreted by this Court in this case to permit the SEC to compel the Respondent to travel to the United States to testify because by entering the United States, the Respondent could sacrifice certain protections and privileges offered by his sovereignty. Specifically, in this case, given the United States' Attorney's Office's involvement, Respondent, if forced to travel to the United States to testify, subjects himself to arrest and forfeits the right to challenge extradition. It is imperative to our system of checks and balances that this Court observes the congressional limits on the SEC's investigative powers. EEOC v. Shell Oil Co., 104 S. Ct. 1621, 1628 (1984) (federal courts must observe congressional limits on agency investigative powers in enforcement of agency subpoenas). Accordingly, Respondent respectfully submits that the SEC's Applications should and must be denied, and the subpoena quashed.

**CONCLUSION**

For all of the foregoing reasons, Respondent respectfully moves this Court deny the SEC's Applications and quash the subpoena.

Dated: Washington, D.C.
17 March 2006

    Respectfully submitted,

    /s/ Stephen W. Grafman
Stephen W. Grafman (DC Bar No. 32912)
sgrafman@sharp-assoc.com
William F. Boyer (DC Bar No. 479421)
wboyer@sharp-assoc.com
SHARP & ASSOCIATES
1215 19th Street, N.W.
Washington, D.C. 20036
Tele.: 202-467-4114
Fax: 202-467-1625

Jeffrey A. Tew
Motion for Admission *Pro Hac Vice* to be filed
TEW CARDENAS, L.L.P.
Four Seasons Tower, 15th Floor
1441 Brickell Avenue
Miami, Florida 33131
Tele.: (305) 536-1112
Fax: (305) 536-1116

*Attorneys for Respondent Dean J. Sheptycki*

## **CERTIFICATION OF SERVICE**

I, William F. Boyer, counsel for Respondent Dean J. Sheptycki, caused the Respondent's Opposition to the Securities and Exchange Commission's Application for an Order to Show Cause and Order Requiring Obedience to Subpoena / Respondent's Motion to Quash Subpoena, and Memorandum of Points and Authorities in support of his Opposition to the Securities and Exchange Commission's (the "SEC") Application for an Order to Show Cause and Order Requiring Obedience to Subpoena and in support of his Motion to Quash Subpoena, to be served on the following:

By Facsimile and Electronic Mail on March 17, 2006

Stephen L. Cohen
Assistant Chief Litigation Counsel
Division of Enforcement
U.S. Securities and Exchange Commission
Fax: (202) 772-9245
Email: cohens@sec.gov

                                            /s/ William F. Boyer
                                            William F. Boyer